ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 6, 2008

The Honorable Elton R. Mathis
Waller County Criminal District Attorney
846 Sixth Street, Suite #1
Hempstead, Texas 77445

Opinion No. GA-0681

Re: Whether the Waller County Appraisal District Office must be physically located within the boundaries of Waller County   (RQ-0715-GA)

Dear Mr. Mathis:

The office of the Waller County Appraisal District (the "Appraisal District") is located in Fort Bend County.[1] You ask whether the Appraisal District's office must be physically located in Waller County, "and if so, by what time period should the office be moved to Waller County." Request Letter, *supra* note 1, at 1.

Tax Code section 6.05(a) requires that, "[e]xcept as authorized by [s]ubsection (b) of this section, each appraisal district" must "establish an appraisal office." TEX. TAX CODE ANN. § 6.05(a) (Vernon 2008). Further, "[t]he appraisal office must be located in the county for which the district is established," although the appraisal district "may establish branch appraisal offices outside the county." *Id.*; *see also id.* § 6.01(a) (establishing an appraisal district in each county). Section 6.05(b) excepts from subsection (a)'s requirements the board of directors of an appraisal district that contracts "with an appraisal office in another district . . . to perform the duties of the appraisal office for the district." *Id.* § 6.05(b).

You do not indicate that the Appraisal District's board of directors has entered a contract with an appraisal office in another district to perform appraisal duties for the district; consequently, the Appraisal District is not excepted from the requirement in section 6.05(a) that its primary office be located in Waller County. And you do not indicate that the office located in Fort Bend County is a branch office. We must conclude, therefore, that the Appraisal District's primary office must be located in Waller County.

You then ask how soon the Appraisal District must move its office to Waller County. Section 6.05(a) is mandatory and does not include a grace period. Thus, the Appraisal District has

<hr>

[1]*See* Letter from Honorable Elton R. Mathis, Waller County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (May 15, 2008) (on file with the Opinion Committee, *also available at* www.texasattorneygeneral.gov) [hereinafter Request Letter].

an existing, mandatory duty to locate its primary office in Waller County, and until it does so, the location of the Appraisal District's primary office will not comply with section 6.05(a). *See* Tex. Att'y Gen. Op. No. JM-72 (1983) at 2 (concluding, based upon a general statement about the powers of quasi municipal corporations and other non-municipal political subdivisions in *Tri-City Fresh Water Supply Dist. No. 2 v. Mann*, 142 S.W.2d 945, 948 (Tex. 1940), that an appraisal district may exercise only those powers that are expressly delegated to it by the constitution or statutes and those necessarily implied from such express powers).

## S U M M A R Y

Under Tax Code section 6.05, an appraisal district's office must be located within the county for which the district is established, unless (1) the office is a branch office or (2) the appraisal district has entered an interlocal contract with an appraisal office in another district to perform appraisal duties for the district. In the absence of either of these two exceptions, the Waller County Appraisal District's primary office must be located in Waller County. Until the primary office is located in Waller County, the Appraisal District will not comply with section 6.05.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee